UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.D., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY <br> Commissioner of Social Security, <br><br> Defendants. | Case No. 23-cv-01995-LJC <br><br> **ORDER ON APPLICATION FOR ATTORNEY'S FEES** <br><br> Re: Dkt. No. 21 |

Plaintiff M.D.[1] has filed an application seeking attorney's fees under the Equal Access to Justice Act (EAJA). ECF No. 21. In response, Defendant Martin O'Malley filed a notice of non-opposition. ECF No. 22. As the Ninth Circuit has held that district courts are "required to independently review plaintiffs' fee request even absent defense objections," the Court has an obligation to review Plaintiff's motion for attorney's fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992). The Court has reviewed Plaintiff's application for attorney's fees and hereby GRANTS the application.

## BACKGROUND

Plaintiff applied for disability insurance benefits under Title II and Title XVI of the Social Security Act. Her application was denied, and Plaintiff subsequently challenged the denial. ECF Nos. 1, 14 at 5. Plaintiff filed a motion for summary judgment, arguing that the Administrative Law Judge (ALJ) erred in considering two medical opinions, in "discrediting [M.D.]'s statements about her symptoms," and in rejecting a "third-party witness statement," which resulted in an

---

[1] Because opinions by the Court are more widely available than other filings, and this Order contains potentially sensitive medical information, this Order refers to the Plaintiff only by her initials. This Order does not alter the degree of public access to other filings in this action provided by Rule.

erroneous finding. ECF No. 14 at 16. Defendant filed a cross-motion for summary judgment, which Plaintiff opposed. ECF Nos. 16, 18. Finding that the ALJ erred in weighing medical opinions, in rejecting M.D.'s testimony about her symptoms, and in discounting the testimony of a third party, the Court granted Plaintiff's motion for summary judgment and remanded the matter for further proceedings. *See* ECF No. 19 at 8, 15, 21, 23. Judgment was entered on August 2, 2024. ECF No. 20.

**ANALYSIS**

In an action by or against the United States, "including proceedings for judicial review of agency action" as is the case here, courts must award reasonable fees and expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28. U.S.C. § 2412(d)(1)(A).

**I.   SUBSTANTIAL JUSTIFICATION**

Plaintiff argues that neither the underlying ALJ decision denying Plaintiff's application for social security disability benefits nor Defendant's decision to defend the instant action were substantially justified. The Court agrees.

"It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust," where "substantial justification" means "justified to a degree that could satisfy a reasonable person" with a "reasonable basis both in law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citations omitted). The "position of the United States" encompasses both its position in the "original action"—in this case, the ALJ's denial of Plaintiff's application—and its decision in "defending the validity of the [original] action in court." *Id.* at 1258 (quotations omitted).

In ruling on the motion and cross-motion for summary judgment, the Court found that the ALJ erred at multiple points in its decision denying Plaintiff's application for social security benefits. ECF No. 19. Specifically, the Court found that the ALJ committed "reversible legal error" in not considering the appropriate factors when weighing the medical opinion of Plaintiff's treating physician and Plaintiff's impartial medical expert, failed to provide "specific and legitimate reasons" why it credited other doctors' opinions over the treating physician's, and

discounted Plaintiff's symptoms testimony and lay witness testimony without substantial evidence for doing so. ECF No. 19 at 9, 10, 14, 17-18, 21-22. As the ALJ's decision was unsupported by substantial evidence and based on legal error, the Court finds that the decision did not have a "reasonable basis […] in law and fact." *Gutierrez*, 274, F.3d at 1258. "Given the serious flaws in the ALJ's analysis," the Court finds that Defendant's decision to "defend the ALJ's decision in this action" was not substantially justified either. *Meier v. Colvin*, 2013, 727 F.3d 867, 873 (9th Cir. 2013); *see Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996) ("It is difficult to imagine circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not."). Furthermore, in not opposing the instant motion, Defendant has not put forth any counterargument that its position was substantially justified.

Accordingly, the Court finds that the government's position was without substantial justification.

## II.   PREVAILING AND ELIGIBLE PARTY

"An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257; *see Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff"). The Court entered a judgment in favor of Plaintiff and remanded the case for further proceedings pursuant to sentence four of 42 U.S. Code section 405(g). Plaintiff is accordingly the prevailing party. As Plaintiff's net worth did not exceed $2,000,000 when this action was filed, she is otherwise eligible for fees and costs pursuant to the EAJA. 28 U.S.C. § 2412(d)(2)(B); *see* ECF No. 2 at 1-3.

## III.   TIMELINESS

Plaintiff's application for attorney's fees is timely. "A party seeking an award of fees and other expenses" under the EAJA has thirty days "after the time for appeal has ended" to submit their request for fees and expenses. 28 U.S.C. § 2412(d)(1)(D). Defendant had until September 30, 2024, sixty days after the entry of judgment—entered on August 2, 2024, at ECF No. 20—to appeal. ECF No. 20; *Shalala*, 509 U.S. at 302. Plaintiff accordingly had until October 31, 2024 to

file her motion for attorney's fees. The instant motion was filed well within this timeframe.

## IV.     REASONABLENESS OF ATTORNEY'S FEES

The Court must also assess if Plaintiff's request for attorney's fees is "reasonable." 28 U.S.C. § 2412(d)(1)(D). This analysis necessarily comprises two elements: if Plaintiff's attorney's hourly fee is reasonable and if she expended a reasonable number of hours litigating this action. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The EAJA specifies that attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor […] justifies a higher fee." *Id*. 2412(d)(1)(A)(ii). The Ninth Circuit has increased the statutory maximum rate to adjust for the increased cost of living. *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). The adjusted statutory maximum rate under the EAJA in the Ninth Circuit was $244.62 for 2023 and 2024. *See* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (Ninth Circuit Statutory Maximum Rates under the EAJA) (citing 28 U.S.C. 2412(d)(1)(A)(ii) (last viewed on 10/23/2024). Plaintiff's attorney requests this rate for her work, which the Court finds is reasonable. *See* ECF No. 21-2 (Invoice Attached to Siegfried Decl.).

The Court next assesses if the time Plaintiff's counsel spent litigating this case was reasonable. Determining if the amount of time an attorney spent working on a case is reasonable "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Costa v. Comm'r of Soc. Sec. Admin.,* 690 F.3d 1132, 1136 (9th Cir. 2012). Although the party requesting the award must demonstrate "the appropriate hours expended in the litigation by submitting evidence in support of those hours worked," in EAJA cases, courts should generally "defer to the winning lawyer's professional judgment as to how much time [they were] required to spend on the case." *Gates*, 987 F.2d at 1397; *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Plaintiff submits a declaration from her attorney, Katherine Siegfried, attesting that she spent at least thirty-eight hours litigating this case. ECF No. 21-1 (Siegfried Decl.) ¶ 3. Plaintiff's counsel attests that this reflects the hours she spent reviewing the administrative record, drafting

4

1  the motion for summary judgment and responding to Defendant's cross-motion, and attached to
2  her declaration an invoice detailing the time spent on the case. *Id.* ¶ 4-5; ECF No. 21-2. Having
3  reviewed the Siegfried Declaration and attached invoice, the Court finds that it was reasonable for
4  Plaintiff's counsel to expend thirty-eight hours working on this case. The administrative record in
5  this action is voluminous; Plaintiff's motion for summary judgment, which contains three distinct
6  arguments, two of which have detailed subparts, is thorough and each argument formed the basis
7  for the Court's order remanding the matter; and there is no indication that counsel billed for "any
8  redundant or unnecessary hours" or clerical tasks. *P.W. v. Saul*, 19-cv-01132, WL 3488041, at *1
9  (N.D. Cal. June 26, 2020) (finding that plaintiff's "expenditure of 50.4 hours" on the social
10 security appeals case was reasonable); *see* ECF Nos. 11, 14, 21-1 ¶ 3, 21-2. Deferring to counsel's
11 professional judgment, the Court accepts her attestation that the amount of time she spent on this
12 case, including over twenty hours reviewing the record and drafting the motion for summary
13 judgment, was "necessary" for her to succeed. ECF No. 21-1 ¶ 9; *see Moreno*, 534 F.3d at 1112;
14 *Gregy S. v. Saul*, 2, 2021 WL 1668059, at *3 (N.D. Cal. Apr. 28, 2021) (finding, where plaintiff
15 was represented by Katherine Siegfried, that spending 50.4 hours on the case including 20.2 hours
16 on the opening brief was reasonable). The Court finds that the time Plaintiff's counsel spent
17 litigating this case was reasonable.
18     As the Court has found that Plaintiff's counsel requested hourly rate and amount of time
19 spent on the case was reasonable, the Court finds that Plaintiff's overall request for attorney's fees
20 in the amount of $9,075.38 is reasonable. The Court recognizes that Plaintiff is not requesting fees
21 for the full 38.1 hours listed in her counsel's invoice but rather for approximately 37.1 hours.
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's application for attorney fees under the EAJA. Plaintiff is awarded $9,075.38 in attorney's fees.

**IT IS SO ORDERED.**

Dated: November 21, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge